MARIE GABBART *v.* DILLON MULLINS

(No. 9034)

Submitted April 16, 1940. Decided May 7, 1940.

*Eakle & Eakle,* for plaintiff in error.

*E. G. Pierson, Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

KENNA, JUDGE:

This writ of error was granted to the final order of the Circuit Court of Clay County in a bastardy proceeding brought under Code, 48-7-1, the defendant having been found guilty and ordered to pay to the prosecuting witness seven dollars per month for a period of seven years or until the death of the child, and having been required to enter into a five-hundred-dollar bond conditioned to satisfy the judgment of the court. At the proper time, the defendant moved to quash the warrant and dismiss the case against him because it was not alleged, nor did it otherwise appear upon the face of the warrant, that complainant, who is a married woman, had lived separate and apart from her husband for one year prior to the birth of the spurious child mentioned in the warrant and had not, at any time during the separation, cohabited with her husband, and because the complaint upon which the warrant was based did not show that the prosecutrix had not cohabited with her husband for one year or more prior to the birth of the child. This motion was overruled, and,

after saving the point, the defendant entered a plea of not guilty, a jury was impanelled and at the conclusion of the complainant's proof the defendant moved to strike out the evidence, basing that motion upon the questions previously raised and the fact that testimony had been admitted relating to matters of which defendant did not stand charged. This motion also was overruled. After the verdict was returned, the defendant moved to set it aside because of the insufficiency of the warrant, and because the court had permitted testimony to be introduced tending to prove that the complaining witness and her husband had lived separate and apart for the space of a year or more prior to the birth of the child and that the complainant had not cohabited with her husband during such separation, which motion the court took time to consider. Later, the motion to set the verdict aside was overruled and judgment was entered accordingly.

The pertinent part of Code, 48-7-1, reads as follows:

> "If a married woman lives separate and apart from her husband for the space of one year or more, and shall not at any time during such separation, cohabit with such husband she may, if she be delivered of a child at any time after such one year, and while such separation continues, accuse any person, other than her husband, of being the father of such child, in like manner, and the proceedings shall thereupon be had, as if she were an unmarried woman."

A careful reading would indicate that there are four elements of which the right of a married woman to recover for the support and maintenance of her bastard child is comprised: (a) She must have lived separate and apart from her husband for a space of one year or more; (b) she must not at any time during that separation have cohabited with her husband; (c) she must have been delivered of a child subsequent to the expiration of that year and while the separation continued; and (d) the defendant must be a person other than her husband.

This Court has heretofore dealt with the necessity of

*proving* each of the conditions prescribed by statute as prerequisites of a married woman's right to recover under this same statute, and has held the necessity of their proof to be absolute. *Bowen v. Parsons,* 78 W. Va. 791, 90 S. E. 336. Neither the complaint nor the warrant contained an allegation that the complaining witness had not cohabited with her husband for a period of one year preceding the birth of her illegitimate child. Both are otherwise lacking in ways that it is unnecessary to discuss. The complaint contains the averment that she lived separate and apart from her husband for the space of one year preceding the birth. The warrant contains no such recital. We are impressed with the fact that the conditions this Court has held indispensable to be established by the *proof* in a bastardy proceeding, are just as indispensable to be shown on the face of the written complaint and the warrant based thereon.

It is urged in the brief filed on behalf of the complainant that living separate and apart is in every way tantamount to the absence of cohabitation, and persuasive general authorities are cited to sustain the synonymousness of living separate and apart and the absence of cohabitation. However, no authority is cited holding that where the two terms are used conjunctively in the same sentence of a statute, they shall be construed as referring to the same set of circumstances. We feel that it is unnecessary to cite authority dealing with the fundamental rule of statutory construction that if possible the statute should be so construed as to give effect to every word contained in the enactment, and if the term "lives separate and apart from her husband" should be held to refer to the same set of circumstances as the clause "shall not at any time during such separation, cohabit with such husband", the statutory redundancy becomes at once apparent. For that reason we are of the opinion that the absence of an averment in the complaint and a recital in the warrant negativing cohabitation with the husband of complainant for the year preceding the birth of the child constituted a prejudicial omission and that the warrant should have been quashed and the proceeding dismissed.

It is urged that this is a civil proceeding and for that reason the rigidity of criminal pleading does not obtain, but that it should be treated with the same informality that surrounds civil litigation before a justice of the peace. It is true that under the statutory provision this sort of a proceeding may be originated before a justice of the peace, but it is to be disposed of in the circuit court. In the usual civil cases before a justice of the peace, no written complaint is required to be filed. In this proceeding it is. An attachment proceeding is also a civil proceeding in a justice's court in which a written complaint or affidavit is required to be filed, and a bastardy proceeding, we believe, in so far as the sufficiency of preliminary papers is concerned, should be treated as similar to an attachment proceeding.

We are of the opinion that the Circuit Court of Clay County erred in overruling the defendant's motion to quash the warrant and to dismiss this proceeding. We do not pass upon the assigned grounds of error having to do with the admissibility of testimony.

The judgment of the Circuit Court of Clay County is reversed and the proceeding is here dismissed.

*Reversed and dismissed.*

MAXWELL, JUDGE, dissenting:

The warrant before us contains the recital that the complainant is "a married woman living separate and apart from her husband." Thus there is met the primary statutory requirement that a married woman must be living apart from her husband in order that she may proceed in bastardy. That essential element appearing in the warrant, the other matters, emphasized in the Court's opinion, occupy, in my judgment, an evidentiary basis merely. That is, she must prove that the separation has continued for one year or more, that within that period she did not cohabit with her husband, and that the alleged illegitimate child was born after the expiration of the year.

It is interesting to note, on examination of the printed record therein, that the case of *Bowen* v. *Parsons*, 78

W. Va. 791, 90 S. E. 336, properly cited in the Courts opinion herein on the question of the necessity of proving the statutory prerequisites where a married woman seeks to maintain a proceeding in bastardy, was based on a warrant closely similar to the one at bar. In that case, the warrant carried the recital that the complainant was a married woman living separate and apart from her husband, but there was no averment or recital of the other matters which the Court now holds must be included in a warrant.

Believing that the warrant at bar is sufficient, I cannot concur in the foregoing opinion.