[No. 21169.  Department One.  August 22, 1928.]

JOSEPH EDWARD SHAW, *Respondent*, v. VERA A. SHAW, *Appellant*.[1]

[1] DIVORCE (8, 38)—GROUNDS—INABILITY TO LIVE TOGETHER—EVI-
DENCE—SUFFICIENCY.  Findings awarding a husband a divorce
from a wife afflicted with recurrent insanity, on the ground
of personal indignities and cruelty rendering life burdensome,
will not be sustained, where it appears that the indignities were
due to the wife's mental condition, and not to her fault:
especially in view of the repeal of the act authorizing a divorce
if the parties can no longer live together, and Rem. Comp. Stat.,
§ 982, providing for a divorce to the "injured" party; which can
not be construed to apply where the element of fault is entirely
lacking.

Appeal from a judgment of the superior court for
King county, Sutton, J., entered November 28, 1927,
upon findings in favor of the plaintiff, in an action for
divorce, after a trial on the merits.  Reversed.

*Attwood A. Kirby, Marion Garland,* and *John T.
Mulligan,* for appellant.

*John D. Carmody,* for respondent.

MITCHELL, J.—This action was brought by Joseph
Edward Shaw against his wife for a divorce, for a
settlement of their property rights, and for the custody
of their two minor children.  The defendant resisted
the application for a divorce and filed a cross-com-
plaint for separate maintenance.  An interlocutory de-
cree of divorce was entered in favor of the plaintiff
upon findings that the defendant had maintained to-
wards her husband an indifferent attitude, that she had
made no attempt to conceal the fact that she has no
affection for him, and by numerous annoying acts and
words has made the home life of plaintiff burdensome

[1] Reported in 269 Pac. 804.

in the extreme, all of which acts were without just cause or provocation; and that, by reason thereof, the home life of plaintiff has been rendered burdensome in the extreme, and it is no longer possible for plaintiff and defendant to live together as husband and wife. The court further found that, because the defendant had been confined four times in a hospital for the insane in the state of California, though as frequently discharged therefrom as recovered, and because such insane condition of the defendant "probably will recur," that she is not a safe person to have the care and custody of the minor children. Upon these and other findings the court further decreed that all the tangible property of the parties, consisting of a small amount of personal property, be set aside to the plaintiff, that plaintiff pay defendant fifty dollars per month until the further order of the court, and that he have the custody, care and control of both children. The defendant has appealed.

Upon proper exceptions to the findings and upon the trial of the case anew in this court, the full record has been examined and we are unable to agree with the formal findings and judgment entered. The respondent is a lieutenant in the Navy, and for some time has been stationed at Bremerton and is liable to be called, even shortly, beyond this jurisdiction. He receives a salary or compensation of not less than $325 a month, a part of which for some time has been used for the care of the children away from their mother. Upon evidence fully sustaining the court's findings, it appears there have been times when it was unsafe for the mother to have the children, on account of her mental condition; although at the time of the trial she had been discharged from the hospital as recovered. The original complaint charged incurable insanity as the sole cause for divorce. That cause, however, was

wholly abandoned in the second amended complaint on which the trial was had, the allegations now being cruelty and personal indignities rendering life burdensome.

At the date of the trial, it appears, the appellant was in a fair mental condition and had been for about one year, since her last discharge from the hospital. She was distressed, of course, because their children had been kept from her during that time.

As remarked by the trial judge, the case is a sad one. The parties are unfortunate, the children more so than the parents, if possible. Fear for the safety of the children, although ten and twelve years of age respectively, seems, at least of late, to arise out of reasonable precaution. However, they have been protected without any divorce, and we see no reason why they may not be protected in the future without one, even if some appropriate order for that purpose be necessary.

The parties were married in 1914, she being seventeen years of age. Within a few years, she gave birth to the children, he being engaged before the birth of the last one in service in the war. Manifestly her mind became more or less unsettled and there have been recurrences of such mental condition. She is still young and there is no evidence that she is not well and strong physically. The cause found for divorce was personal indignities, and there is evidence tending to support it, but it is almost completely contradicted; and whether so or not, the record convinces us that those things complained of upon which such findings rest occurred at such times that they are traceable to her unfortunate mental condition at such times to the extent that she is relieved from the imputation of fault.

That is, while the formal findings support the judgment, the evidence does not support the findings. As to the relation of the evidence to the formal findings,

it is significant that the trial court remarked at the conclusion of all the testimony, "I cannot see any fault on the part of either party." That opinion expresses our view, upon a careful consideration of all the testimony. The court, at that time, referring to appellant's mental troubles, remarked upon

". . . a condition such as this where a man has to live with a person in that condition as defendant has been a great part of the time during her married life,"

and said, "that, of course, is not her fault," but concluded by remarking,

"Now to keep these people tied together in denying a divorce, or granting separate maintenance, would simply unduly punish him." With as near approach to propriety, the same might be said with respect to him if she had unfortunately lost both of her limbs. So-called punishment that follows misfortune of this kind, for which no one is at fault, does not constitute cause for divorce.

One provision in our statute prior to 1921 was,

". . . and a divorce may be granted upon application of either party for any other cause deemed by the court sufficient, and the court shall be satisfied that the parties can no longer live together." Rem. Code, 1915, § 982.

Under that provision, the courts were perhaps liberal in granting divorces; but still it was held that, in addition to the court's being satisfied that the parties "can no longer live together," there must be cause deemed by the court sufficient. *McDougall v. McDougall*, 5 Wash. 802, 32 Pac. 749; *Wheeler v. Wheeler*, 38 Wash. 491, 80 Pac. 762; *Bickford v. Bickford*, 57 Wash. 639, 107 Pac. 837.

However, in the present statute, Laws of 1921, p. 331, [Rem. Comp. Stat., § 982], in enumerating the

grounds for divorce, the provision of the former statute with reference to the court's being satisfied that the parties could not longer live together was omitted; and now it is simply provided by § 1 of the act that divorce shall be granted on the application of the party "injured." That term cannot be construed as being responded to by conduct wholly, or at least substantially, wanting in the element of fault.

We are constantly aware of the wholesome rule not to disturb, ordinarily, the findings and judgment of the trial court on a review of the facts found by such court upon proof taken before it, but in this case we are constrained to do so for the reasons given.

The interlocutory decree of divorce is reversed, and the cause remanded with direction to the superior court to consider anew, with or without additional testimony as it may determine, the question of separate maintenance to the wife and the care and custody of the children, both until the further order of the trial court.

FULLERTON, C. J., PARKER, and TOLMAN, JJ., concur.