[No. 25581. Department One. June 26, 1935.]
SYDNEY EVANS, *Appellant*, v. DAISY EVANS, *Respondent*.[1]

*Kennedy & Schramm* and *Emil G. Gustavson,* for appellant.

*Hyland, Elvidge & Alvord,* for respondent.

MAIN, J.—Plaintiff brought this action for a divorce. The defendant denied, in her answer, the right of the plaintiff to a divorce, and, by cross-complaint, sought separate maintenance. The trial resulted in findings of fact, from which it was concluded that the plaintiff was not entitled to a divorce, and that the defendant was entitled to separate maintenance in the sum of thirty-five dollars per month. Judgment was entered in accordance with the conclusions, from which the plaintiff appeals.

The parties were married in London, England, September 13, 1918, at which time the appellant was an officer in the Canadian artillery. Within a few days after the marriage, the appellant left for Russia in the course of his duty, returning to England about June 28, 1919, where he remained for a period of about three weeks. During this time the parties lived together, and

[1]Reported in 46 P. (2d) 730.

the appellant then returned to Canada. In January, 1921, the respondent wired the appellant to meet her in Vancouver, B. C., which he did. Thereafter, the parties lived together until October 8, 1921, when the respondent returned to England. In the meantime, they had moved to Newcastle, Washington, where the appellant was employed.

The respondent did not return from England until after the appellant brought an action for divorce on the ground of desertion, about three years after she had departed. This divorce action was never tried. The parties did not live together from October, 1921, until September 24, 1926, when the respondent joined the appellant in Butte, Montana. Thereafter, they lived together until the forepart of September, 1927, when the respondent again returned to England, where she remained until January 10, 1928, when she returned. From that time until her departure for England on April 19, 1929, the parties lived together at Carbonado and at Newcastle, in this state. On the date last mentioned, the respondent returned to England, where she has continuously remained. From the time that the parties were married until this action was instituted, a period of approximately sixteen years, the parties had lived together less than three years and one-half.

At the time of the trial, the appellant was forty-two years of age, and the respondent forty-three. In some respects, the testimony of the parties is in direct dispute; but upon the matter we deem controlling there is no substantial dispute.

The action was brought under subdivision 8, Rem. Rev. Stat., § 982 [P. C. § 7501], which provides that a divorce may be granted to either or both of the parties in all cases where they have

". . . heretofore lived or shall hereafter live separate and apart for a period of five consecutive

years or more. In all such cases, the divorce may be granted on the application of either husband or wife, and either husband or wife shall be considered the injured party and the period of five years or more shall be computed from the time the separation took place.''

More than five years elapsed from the time that the respondent last went to England until the present action was instituted.

In *Pierce v. Pierce,* 120 Wash. 411, 208 Pac. 49, it was held that the statute referred to did not entitle a husband to a divorce from his wife where the separation was due wholly to his fault and was not consented to by the wife. The holding in that case does not meet the situation here presented. The separation in this case cannot be said, under the evidence, to be wholly due to the fault of the husband. It is undoubtedly due, in part at least, to the fault of both parties. During the five year period, the appellant admits he did not at any time offer to send money to the respondent to pay her return transportation. The respondent admits she did not request that any money be sent for that purpose.

The trial court found that, since about the middle of April, 1929, the parties had lived ''separate and apart,'' and that the respondent did not desert the appellant. The respondent in her brief says that: ''The only issue in the case is whether or not she [respondent] deserted him [appellant].''

There is another provision than the one quoted, in § 982 of the code, which provides that the injured party may have a divorce on the gound of an abandonment for one year. This case was not based upon that provision, and we do not understand that the question of abandonment or desertion is involved. The sole question, as already indicated, is whether the parties lived separate and apart, within the contempla-

tion of the statute authorizing a divorce when they have so lived for a period of five years or more.

If this case does not come under that statutory provision, it is hard to conceive of a case that would. The legislature, in passing the act, must have intended that it be given some meaning. To hold that the parties had not lived separate and apart for the period of five years within the contemplation of the statute, and that neither would have been entitled to a divorce, would be to practically nullify the act of the legislature, and this the court has no right to do.

The appellant is entitled to a divorce; the respondent is not entitled to separate maintenance. The respondent is, however, entitled to her costs, including an attorney's fee, in the superior court and in this court. In addition to this, we are of the view that she should be entitled to a lump sum of three hundred dollars, if the appellant is able to pay that amount at the time the judgment is entered, and, if not, entitled to twenty-five dollars a month as alimony for the period of one year.

The judgment will be reversed, and the cause remanded with direction to the superior court to dispose of the case as herein indicated.

MILLARD, C. J., TOLMAN, BEALS, and GERAGHTY, JJ., concur.