[No. 28273. Department One. April 4, 1941.]

J. O. McNARY, *Respondent*, v. MARGARET McNARY, *Appellant*.[1]

[1]Reported in 111 P. (2d) 760.

*Joiner & Youngquist,* for appellant.

*Ben Driftmier,* for respondent.

BLAKE, J.—Plaintiff brought this action for divorce on the ground that, for more than five consecutive years last past, he and defendant had lived separate and apart. Defendant filed a cross-complaint, praying for a decree on the ground of abandonment by plaintiff for more than one year. Both prayed for settlement of their property rights.

The court entered a decree settling their property rights and awarding a divorce to each. Defendant appeals, challenging the fairness of the property award and the sufficiency of the evidence to sustain a decree of divorce in favor of respondent.

Respondent tacitly concedes that he failed to prove that he and appellant had lived separate and apart for more than five years, for he did not deny that they had lived in the same house during that period. He urges, however, that he had been denied his conjugal rights for a time much longer than that. While this fact was adequately established by the evidence, it is not sufficient to warrant a divorce on the ground alleged in the complaint. 17 Am. Jur. 232, § 162. Denial of conjugal rights may be a basis for divorce, but it cannot be established under an allegation that the parties have lived separate and apart for more than five years. In all instances where a divorce is granted, "it shall be *for cause distinctly stated in the complaint, and proved.*" Rem. Rev. Stat., § 996 [P. C. § 7512]. (Italics ours.)

Failing to prove the cause stated, a party may not claim a decree on a ground not stated, particularly where, as here, the cause not stated is supported by evidence admitted over the objection of the other party. *State ex rel. Tufton v. Superior Court,* 46

Wash. 395, 90 Pac. 258; *Graham v. Graham,* 54 Wash. 70, 102 Pac. 891; *Davis v. Davis,* 3 Wn. (2d) 448, 101 P. (2d) 313.

Respondent also endeavors to sustain the decree of divorce in his favor upon the ground that he and appellant are so uncongenial they can no longer live together. This fact, however, does not warrant the court in granting a divorce. *Bickford v. Bickford,* 57 Wash. 639, 107 Pac. 837; *Shaw v. Shaw,* 148 Wash. 622, 269 Pac. 804. Respondent, having failed to establish the cause alleged in his complaint, is not entitled to a decree of divorce.

In settling the property rights of the parties, the court determined the value of all property—separate and community—and then made substantially an equal division according to value. We are unable to agree entirely either with the valuations placed upon the respective items of property by the trial court or the lumping of separate and community property together as a basis for division. With the exception of the item of household furniture, the only evidence of valuation placed upon the respective holdings of the parties was furnished by respondent himself. In two or three instances, the trial court put a value upon property substantially less than the respondent's estimate. As to such valuations fixed by the court, we do not think them warranted.

The principal item of property is the "Anacortes Daily Mercury"—the net worth of which respondent estimated to be ten thousand dollars to twelve thousand dollars. As a basis for division, the court fixed its value at eight thousand dollars. The value of a tract of land in Kansas was fixed by the court at one thousand dollars, although respondent testified it was worth fifteen hundred dollars or sixteen hundred dollars. Respondent testified that another tract of

land, referred to as the Cape Sante lot, in Skagit county, was worth three or four hundred dollars more than what it cost, eleven hundred dollars. The court fixed a value of twelve hundred dollars upon it. Two paid-up life insurance policies of one thousand dollars each, respondent testified, had a cash value of sixteen hundred dollars to eighteen hundred dollars. The court fixed the cash value at twelve hundred dollars.

Accepting respondent's valuation on three other items of property: (1) a Buick automobile, eight hundred dollars; (2) household furniture, one thousand dollars; and (3) lots in Beal's Maple Grove Addition to Anacortes, three hundred dollars, we are constrained to hold that the total value of the property of the parties—community and separate—is seventeen thousand six hundred dollars. In arriving at this figure, we have adopted estimated values placed upon the various items of property by respondent as follows: Kansas property, fifteen hundred dollars; Cape Sante lot, fourteen hundred dollars; Beal's Maple Grove lots, three hundred dollars; Buick, eight hundred dollars; household furniture, one thousand dollars; cash value of life insurance policies, sixteen hundred dollars; the Daily Mercury, eleven thousand dollars.

Now, as to the status of the property: The Kansas land is unquestionably the property of respondent. While all the rest of the property may be classified as community property, the Daily Mercury is definitely chargeable with a separate interest in favor of appellant to the extent of four thousand six hundred and fifty dollars. The plant was purchased more than twenty-five years ago, when it was operated as a weekly. The purchase price was five thousand two hundred dollars, four thousand six hundred and fifty dollars of which was paid by appellant with her sepa-

rate funds. This amount advanced by her is still in the business. Some ten years later, the plant was expanded, and the paper was converted into a daily. Since then, both appellant and respondent have devoted their time and energy to the enterprise. Respondent testified that, upon the ratio of purchase price, the present value of the Mercury plant and business is fifteen thousand dollars to eighteen thousand dollars.

Taking all these factors into consideration, we think, as a basis for settlement of property rights, there should be set off to each of the parties their separate interests. In other words, of the total property, valued at seventeen thousand six hundred dollars, there should be awarded to respondent the Kansas land (fifteen hundred dollars), and to appellant, four thousand six hundred and fifty dollars, the amount of the investment of her separate funds in the Daily Mercury. The balance, eleven thousand four hundred and fifty dollars, being community property, should be equally divided. In reaching this conclusion, we have not overlooked the fact that respondent testified he was indebted to his mother in the sum of sixteen hundred dollars. Appellant owes her sister five hundred dollars. The trial court very properly left the obligation of paying these items upon the respondent and appellant, respectively.

The cause is remanded, with directions to modify the interlocutory decree in the particulars herein indicated.

ROBINSON, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.