[No. 32470. Department One. July 2, 1953.]

LOUIS N. WOLFE, *Respondent,* v. CHARLOTTE WOLFE, *Appellant.*[1]

*W. V. Wells* and *Alfred McBee,* for appellant.

*Driftmier & Driftmier,* for respondent.

MALLERY, J.—Plaintiff and defendant were married in January, 1940. On May 22, 1951, plaintiff brought an action for divorce, alleging that defendant, during the past two years, had treated him in a cruel and inhuman manner such as to render his life burdensome, in that she had lost all love and affection for him and bestowed her affections elsewhere unfaithfully and improperly, so that it was impossible for them to longer live together as husband and wife. Defendant was represented throughout the divorce proceedings by a guardian *ad litem.*

On November 18, 1943, defendant was adjudicated insane by the superior court of San Diego county, California. On July 19, 1944, she was discharged "as recovered" by the medical director and superintendent of the Patton State Hospital.

[1]Reported in 258 P. (2d) 1211.

On January 6, 1949, defendant was committed by the superior court of Maricopa county, Arizona, to the state hospital for the insane at Phoenix, upon an insanity complaint signed by plaintiff. She was discharged on November 22, 1949, and no reason or grounds were given for the discharge.

On November 28, 1950, defendant was committed by the superior court of Skagit county, Washington, to the Northern State Hospital for the insane as a manic depressive, upon an insanity complaint signed by plaintiff. On March 16, 1951, she was paroled to the plaintiff, and, on June 27, 1952, the superintendent discharged her from parole as "improved."

On November 18, 1952, the trial court granted plaintiff a decree of divorce, from which the defendant appeals by her guardian *ad litem*.

In support of the decree, plaintiff relies upon *Cobb v. Cobb,* 19 Wn. (2d) 697, 143 P. (2d) 856, which held that:

"Actions for divorce may be maintained against an insane spouse in cases where the grounds or right of action accrued *prior* to the time of the insanity of the offending party." (Italics ours.)

However, it is apparent that defendant was under an adjudication of insanity during the two-year period alleged in the complaint as the time when her cruel and inhuman treatment rendered plaintiff's life burdensome.

A person adjudicated insane is presumed to continue to be insane, and the burden of proving otherwise is upon him who asserts the contrary. *Fletcher v. Miller,* 185 Wash. 299, 52 P. (2d) 304; *Dean v. Jordan,* 194 Wash. 661, 79 P. (2d) 331; *In re Miller's Estate,* 10 Wn. (2d) 258, 116 P. (2d) 526; and *In re Burnett,* 30 Wn. (2d) 160, 191 P. (2d) 283.

No adjudication of competency by a court of competent jurisdiction was had after defendant's commitment in Arizona in January, 1949, nor was a certificate of *recovery* issued by the superintendent of that institution comparable to the requirements of RCW 71.02.650.

No allegations of restored competency were made in the complaint, nor was any evidence produced at the trial upon

which the court could have acted. Thus, the grounds relied upon for divorce occurred *after* the adjudication of insanity in Phoenix, Arizona, on January 6, 1949, and during a period while defendant is presumed to have been insane.

RCW 26.08.020(10) [*cf.* Rem. Supp. 1949, § 997-2] provides:

"In all cases where the defendant, at the time of commencement of the action, is suffering from chronic *mania* or dementia, established by competent medical testimony to have existed for at least two years prior to the filing of the complaint, such insanity shall be the sole and exclusive ground upon which the court may, in its discretion, grant a divorce." (Italics ours.)

The statute makes chronic mania or dementia, which has existed for two years, a defense to an action for divorce upon all of the statutory grounds other than these forms of insanity themselves. Insanity was also a defense under the common law. *Shaw v. Shaw*, 148 Wash. 622, 269 Pac. 804; 1 Nelson, Divorce and Annulment (2d ed.) 56, § 3.12; 19 A. L. R. (2d) 148, and cases cited therein.

Of course, the defendant's manic-depressive insanity is covered by the term "chronic *mania*" as used in the statute. See Blakiston's New Gould Medical Dictionary (1st ed.) 592. It is, therefore, a defense to an action for divorce on the grounds alleged in the complaint.

The decree is reversed.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.