[No. 32420. Department One. December 15, 1953.]

DAVID HARP, *Appellant*, v. EFFIE HARP, *Respondent*.[1]

*Clarence S. Lind,* for appellant.

*Venables, Ballinger & Clark,* for respondent.

GRADY, C. J.—This action was brought by appellant to secure a divorce from respondent based upon the ground that they had lived separate and apart for a period of more than five consecutive years. In her answer, respondent denied appellant's allegation of living separate and apart and affirmatively alleged that she had with the concurrence of appellant lived in the state of California in order that she might better attend and care for their son, whose physical con-

[1] Reported in 264 P. (2d) 276.

dition required his living there. She sought a decree of separate maintenance. The court entered a judgment denying a divorce and awarding separate maintenance to respondent.

The court found that in 1936 the minor child of appellant and respondent was afflicted with bronchial asthma and rheumatic fever to such an extent that the family physician advised that the child be taken to the state of California; that through necessity for the benefit of the child respondent has resided with him in that state, returning to Seattle during the summer months until 1944, with the exception of one or two summers when appellant joined his family in California, where they resided during his presence in that state; that the health of the son (now of the age of twenty-three years) has gradually improved so that he is or at least will be by the summer of 1953 practically self-sustaining and has less recurrent illnesses; that, while his condition prevents normal physical activities, he has advanced in school and will be able to carry on the profession of teacher after a few more years of study and training. The court further found that respondent had at all times expected to, and was ready and willing to, return to Seattle and resume living with appellant; that she had always regarded Seattle as her home; that appellant and respondent had never considered that they were separated or living apart from each other until in August, 1952, when respondent received a communication from appellant to the effect that her co-operation in helping him to get a divorce would be appreciated; that prior to the receipt of such notice appellant and respondent had never considered they were estranged nor had they discussed a divorce.

If a decision of this case rested upon the situation existing up to the year 1946, there might be justification in finding that appellant and respondent lived separate and apart because they considered the best interests of their minor son required him to be in California and that he have the personal attendance and assistance of his mother; but we cannot accept the findings and conclusion of the trial judge that such was the situation after 1946.

We find nothing in the record to indicate that subsequent to 1946 the welfare of the son required that he live in California, or that if he did so his mother was needed to care for him; nor is there anything to indicate that respondent desired to return to Seattle and live with appellant. Her absence from Seattle since 1946 has been voluntary and not a result of any family necessity, and we find nothing from which it can be reasonably inferred that her continued residence in California was by agreement with her husband, expressed or implied, because of the health of their son. In 1946, respondent ceased her annual sojourn in Seattle during the summer periods, and since that time both parties have lived substantially as though they had been divorced. It was not until the trial and after a period of more than five years of living separate and apart from her husband had elapsed that she indicated any desire or intention to resume living with him.

RCW 26.08.020 (9) provides:

"A divorce may be granted to either or both parties in all cases where they have heretofore lived or shall hereafter live separate and apart for a period of five consecutive years or more, without regard to fault in the separation."

This ground for divorce was added to the general statute by chapter 109, Laws of 1921, p. 331. The legislature, in 1949, added the words "without regard to fault in the separation."

The trial judge was of the opinion that the statute contemplates living separate and apart with the intention of dissolving the marital relationship, and that merely living apart would not be sufficient. He illustrated this thought by a case where the husband was in the army.

■ The element of intention to dissolve the marital relationship is not included in the statute. By its express terms, either party to a marriage may have it dissolved if they live separate and apart for the specified period. The statute is very broad in its scope and is couched in plain and unambiguous language. However, situations may arise where the circumstances under which the husband and wife have lived separate and apart are such that the courts

must say that the legislature did not intend the statute should apply to them, but we do not have one of them to consider in the case now before us. We shall not attempt to make comparisons between the way appellant and respondent have lived with reference to each other and other illustrative marital situations, nor shall we indulge in drawing analogies to reach our conclusion. We feel, after a study of the record, much as we did when deciding the case of *Evans v. Evans,* 182 Wash. 297, 46 P. (2d) 730. In that case, we expressed the following view:

"If this case does not come under that statutory provision, it is hard to conceive of a case that would. The legislature, in passing the act, must have intended that it be given some meaning. To hold that the parties had not lived separate and apart for the period of five years within the contemplation of the statute, and that neither would have been entitled to a divorce, would be to practically nullify the act of the legislature, and this the court has no right to do."

Respondent in support of the judgment cites *McNary v. McNary,* 8 Wn. (2d) 250, 111 P. (2d) 760, and *Neff v. Neff,* 30 Wn. (2d) 593, 192 P. (2d) 344. In each of these cases, it appeared that the parties had lived in the same house during the five-year period upon which the respective husbands relied as a ground for divorce. We decided in both cases that the husbands had not brought themselves within the terms of the statute.

The judgment is reversed, and the cause remanded for the entry of a decree awarding a divorce to appellant and dismissing the action of respondent for separate maintenance, but with directions to the court to reopen the case and determine the questions of property division, alimony, and attorneys' fees.

MALLERY, HILL, WEAVER, and OLSON, JJ., concur.