## Hayden v. Hayden.

(Decided December 17, 1915.)

### Appeal from Ballard Circuit Court.

Witnesses—Husband and Wife—Competent Witnesses in Actions for Divorce—Under sub-section 1, of section 606, of the Civil Code of Practice, as amended by the Act of 1912, the husband and the wife are competent witnesses in an action for divorce by the wife upon the ground of cruel treatment.

J. B. WICKLIFFE for appellant.

H. F. TURNER for appellee.

OPINION OF THE COURT ,BY CHIEF JUSTICE MILLER—Reversing.

The appellant, Agnes Hayden, and the appellee, Sidney L. Hayden, were married in 1907. She was fourteen and he was twenty-three years of age.

They separated in August, 1914, and she shortly thereafter brought this action for a divorce, upon the ground of cruel treatment, and further asking that she be given the custody of her two children, aged five and three years, respectively.

The circuit court dismissed the plaintiff's petition, and she appeals.

She testified that every time her husband would get mad, he would slap and choke her, pull her hair, threaten to knock her head off, and curse her; and, that this treatment had continued for more than a year.

Mrs. Carpenter, the plaintiff's mother, testified that on one occasion the appellee came to her house and said he "had slapped the face off of Ag" the evening before; and that Agnes came to her house later, bearing bruises and marks of finger prints on her neck.

The foregoing constitutes the substance of the proof for the appellant.

On the other hand, the appellee proved by the neighbors that none of them ever saw the appellee mistreat his wife, and that so far as they knew, they had lived together peacefully. Appellee denied he ever mistreated his wife, and insists that she left him without cause.

The appellee objected to the testimony of the appellant concerning her treatment at the hands of the appellee, upon the ground that the appellant was incompetent to testify.

We are not advised by the record as to what disposition was made of the objection, unless we are to infer from the dismissal of the petition that the court sustained the objection, thus leaving the appellant's case unproved.

However, under sub-section 1 of section 606 of the Civil Code of Practice as amended by the act of 1912, the husband and the wife are competent witnesses in an action for divorce by the wife upon the ground of cruel treatment.

We have in effect, therefore, the testimony of the appellant and her mother as against the testimony of appellee, since the evidence of the appellee's neighbors is of a wholly negative character, and proves little or nothing.

Under this state of the record, we are of opinion the appellant proved her case, and that the court should have granted the prayer of the petition.

Shortly after the action was filed, an order was entered directing the appellee to pay his wife $10.00 per month *pendente lite,* for the support of herself and children. All told, however, he has only paid her the sum of $15.00. The allowance was proper, and will be made permanent.

The judgment does not show what disposition was made of the children. Considering their ages, and the mother being a suitable person to have charge of them, the circuit court should have placed them in her custody, subject, of course, to a reasonable opportunity for their father to see them.

The judgment of the circuit court is reversed, with instructions for it to enter a judgment granting appellant a divorce as prayed, and the custody of the children, with an allowance to her of $10.00 per month from August 27th, 1914, for the support and maintenance of herself and children, subject to a credit of $15.00 heretofore paid.