## Gates v. Gates.

(Decided June 24, 1921.)

### Appeal from Daviess Circuit Court.

1. Divorce—Evidence.—A wife suing for divorce on the grounds of drunkenness and infidelity of the husband must produce evidence to prove the charge other than her own testimony.

2. Divorce—Evidence.—A husband is not entitled to divorce on the ground of living apart for five years without cohabitation if it appear that he has lived in the same house with his wife, holding themselves out to the public as husband and wife, until about two weeks before the institution of the action, and it is admitted by the parties that they had slept in the same bed part of the time even though they both claim they have not indulged in sexual intercourse with each other within five years.

W. P. SANDIDGE and B. F. GRAZIANI for appellant.

CLEMENTS & CLEMENTS and R. G. WILLIAMS for appellee

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The parties to this proceeding are husband and wife, and each is seeking a divorce. They were married in 1897. By profession the husband, Sam C. Gates, is a dentist, and has been engaged in the practice of his profession for fifteen years or more. Their home was in Covington, Kenton county, Kentucky, but about two weeks before the institution of this suit Mrs. Gates, without his knowledge of her purpose to do so, abandoned him and his home, and taking their only living child, a son about seven years of age, went to Owensboro, Kentucky, and took up her residence for the purposes of this litigation. They are people of very moderate means, but the record in this case is large and expensive.

The wife, Mrs. Ona F. Gates, instituted this suit in the Daviess circuit court against her husband, Sam C. Gates, for absolute divorce and alimony in September, 1918, on the grounds of cruelty, drunkenness, failure to support and infidelity to his marriage vows. By answer he controverted all the material averments of the petition and sought by counterclaim to be decreed a divorce from the plaintiff on the grounds that they had lived apart for five years without cohabitation. Both plaintiff and defendant testified at great length by way of deposition, covering in detail the whole of their married life and recalling its many vicissitudes. In the petition the wife averred defendant had ill-treated her by cursing, abusing and striking her with his hand. She also accused him of carnal intimacy with women, and drunkenness. To all these accusations she testified directly and related circumstances which tended to prove them, and she is partly corroborated by two of her friends who lived close to the Gates home in Covington for a short while.

In his testimony the defendant makes plaintiff out a very jealous, nervous, irritable and troublesome woman whom nothing would please and who delighted to annoy and harass defendant. He also testified, as did she, that they had not lived and cohabited together as man and wife for as much as five years next before the commencement of this proceeding, but no other witness was offered or testified to these facts. While it may be true that plaintiff and defendant have not indulged in sexual intercourse with each other, as they both testify they have not, yet all the evidence shows that they lived together in the same house in Covington with their only child until about two weeks before this action was commenced in the Daviess circuit court. It is further shown that they treated one another as husband and wife and so held themselves out to the public. Over and above this they each admit in their testimony that they had been sleeping in the same bed part of the time during the five year period. These facts, if proven by competent evidence, would not entitle the parties to a divorce, for sexual cohabitation is not all that is embraced in the legal phrase "living and cohabiting together as husband and wife." Although the parties did not indulge in sexual relations they lived together in the same house, treated each other as husband and wife and held themselves out to the world as such. These facts afford no ground for divorce from the bonds of matrimony. The statute provides that a court of equity may grant a divorce to either party where they have lived "apart without cohabitation for five consecutive years next before the application" for divorce.

The parties to this action lived apart only about two weeks before the application for divorce, and of course are not entitled to the relief they seek on this ground.

The evidence is in three large typewritten volumes containing about 1,200 pages. Some of the witnesses for the plaintiff give testimony tending to prove Doctor Gates was an habitual drunkard, but this evidence is slight and is thoroughly overcome by the testimony of a great many reputable people who lived near and associated with Doctor Gates. By these witnesses his reputation is shown to be excellent and his habits good. He did not drink or dope according to their testimony, but was a man not only of good reputation but of gentlemanly bearing, pleasant speech, high moral standards

and sober habits. Her witnesses make out for Mrs. Gates an equally good case, asserting that she was a lady of industry, probity and gentleness. But there is testimony in the record which proves Mrs. Gates a nervous, irritable, jealous and dissatisfied wife. She may have had some grounds for jealousy, but if she did she produced no competent evidence thereof, save and except one photograph made some ten years before she left appellee and which she had possessed all that time.

Being his wife she was not a competent witness to prove that her husband had flirted and trifled with other women. A spouse can only testify against the other in cases of personal assault or attempt of the one to do injury or violence to the person of the other. Civil Code 606; Hester v. Hester, 166 Ky. 544; Hayden v. Hayden, 167 Ky. 569.

At common law the wife was not a competent witness against her husband in a case of adultery or other offense against the marital relation, and this rule has been altered but slightly by our Code. 28 R. C. L. 484. Under our Civil Code, section 606, as amended in 1912, the wife can testify to facts which prove that the husband "has habitually acted towards her for six months or more in such cruel and inhuman manner as to indicate a settled aversion to her or to permanently destroy her peace and happiness. Such cruel beating or injury of the wife by a husband as indicates an outrageous temper in him or probable danger to her life, or great bodily injury from remaining with him." She is not competent to give evidence in a divorce case on any other subject. Eliminating the incompetent evidence, of which there is a great amount, there remains but slight testimony and much of that unconvincing on which to base the plaintiff's claim for divorce. She abandoned the defendant without his knowledge that she intended to do so, and without any real excuse for doing so except to spite and annoy him. They had disagreements and little family quarrels, but nothing very serious. Life is made up of such trivial things. Husband and wife should learn to forgive and forget, not nurse and harbor ill-feeling and resentment. Had Dr. and Mrs. Gates done so they would have been much happier and more contented and saved all this litigation.

The learned chancellor who tried this case showed great patience with the parties in the hearing of the

several motions concerning the custody of the infant child. He heard both plaintiff's and defendant's side of the case, saw the parties in court and had opportunity to watch and study their demeanor and estimate their character and no doubt he took advantage of the opportunity.

He found no merit either in the claim of the plaintiff or the defendant for divorce and dismissed the petition and counterclaim, granting neither party the custody of the child, nor adjudging the title to the property involved to either.

In all this we think he exercised great wisdom.

Judgment affirmed.