GEORGE T. STEWART *vs.* MAY F. STEWART.

DECEMBER 3, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(*1*) *Divorce. Living Separate and Apart.*

Where the evidence showed that the parties had not maintained marital relations and maintained separate apartments each distinct from the other in an apartment house which the husband owned, they had lived "separate and apart" within the meaning of sec. 3, cap. 247, G. L. 1909.

(*2*) *Divorce. Living Separate and Apart.*

The discretion conferred upon the court under sec. 3, cap. 247, G. L. 1909, to enter a decree of divorce where the parties have lived separate and apart for the term of ten years, is not subject to the condition that the husband contributed nothing to the wife's support.

DIVORCE. Heard on exception of petitioner and sustained.

Rathbun, J.   This is a petition for divorce.

At the hearing before a justice of the Superior Court the petitioner relied upon the allegation that the parties had lived separate and apart from each other for the space of more than ten years before the filing of the petition.

The petitioner testified that in 1902 or 1903 his discovery of certain letters written by his wife gave him strong reason for suspecting her fidelity; that by reason thereof he discontinued marital relations and lived separate and apart from her from the date of said discovery until the time of the hearing; that in 1911 his wife left this country and resided in Paris until 1914 at which time she returned to this country; that the petitioner, who was traveling in Europe at the time, returned soon after his wife and found that she had taken possession of and was living in his apartment, which was in an apartment house owned by him in the city of New York, and that on his return the petitioner, who was a physician and had an office in said apartment house, proceeded to use his office and occupy another apartment in the same building.   How long he continued to occupy said apartment does not definitely appear but during the year 1916 he moved to Rhode Island where he has ever since resided.

The case is before us on the petitioner's exception to the ruling of said justice denying and dismissing the petition.

The respondent presented no testimony and the evidence for the petitioner was rather meagre but the petitioner's testimony was corroborated and nothing appeared which even suggested that the parties had lived together for a period of seventeen or eighteen years before the filing of the petition.

The petitioner relied upon the statutory provision contained in Section 3, Chapter 247, G. L. 1909, which is as follows: "Whenever in the trial of any petition for divorce from the bond of marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least ten years, the court may in its

discretion enter a decree divorcing the parties from the bond of marriage, and may make provision for alimony."

Said justice in denying the petition did not first find that the parties had lived separate and apart for the space of ten years and then in the exercise of his discretion refuse to divorce the parties. In his rescript he used the following language: "In the absence of any explicit pronouncement of law on this statute, the Court feels that the use of the two words 'separate' and 'apart,' meaning, as they do, nearly the same thing, was intended to emphasize the separation or disconnection of the two parties, and that the mere failure to maintain marital relations was not, under the circumstances, a living separate and apart as contemplated by the statute."

We agree with said justice that the mere failure to maintain marital relations for ten years does not bring the parties within the statutory provision but it is clear from the uncontradicted evidence that the parties did not merely fail to maintain marital relations but that they maintained separate apartments each distinct from the other. In construing the above statute it is our opinion that parties may live "separate and apart from each other," as contemplated by the legislature in adopting said section 3, when they occupy separate apartments in the same apartment house. In the circumstances of this case it is of little importance that the husband owned the apartment house. Whether the wife paid rent does not appear but the discretion conferred by the statute is not subject to the condition that the husband contributed nothing for the wife's support for a period of ten years next before the filing of the petition. The uncontradicted evidence shows that for a space of more than ten years before the filing of the petition the parties had not lived together as husband and wife or otherwise and that they had lived separate and apart from each other during said space of time. Said justice should have found that the parties had lived separate and apart from each other for at least ten years

and then proceeded to exercise his discretion, either to divorce or refuse to divorce the parties.

The petitioner's exception is sustained and the case is remitted to the Superior Court for a new trial.

*John L. Curran,* for petitioner.

. *Flynn & Mahoney, John C. Mahoney,* for respondent.