ALFRED J. CHRISTIANSEN *vs.* HELENA M. CHRISTIANSEN.

NOVEMBER 2, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. · This is a petition for divorce. It was denied by a justice of the superior court, and petitioner thereupon duly prosecuted to this court his exception to that decision.

The only ground for divorce relied on by the petitioner was that he and respondent had lived separate and apart from each other for the space of at least ten years. General laws 1938, chapter 416, § 3. The petition was filed July 17, 1941. The petitioner's evidence was meager, and no evidence was submitted on behalf of the respondent.

It appeared, in substance, that the parties were married November 25, 1920 and had four children, the youngest of whom was approximately twelve years of age at the time of the hearing in the superior court in March 1942. The evidence also showed that up to December 1940 the parties and their children lived in the same house in the town of North Providence. At the time last mentioned the petitioner, who was a milk dealer, bought a farm in North Attleboro in Massachusetts and thereafter slept at said farm. He testified that since the birth of the youngest child he and the respondent had occupied separate rooms in the house in North Providence and had not lived together as husband and wife, but had lived separate and apart from each other. It appeared, however, from the evidence that during the period under consideration the petitioner had some of his

meals at home and when not eating there usually went to a restaurant. It was not shown who prepared the meals which he ate at home.

On the above evidence the trial justice found that the parties had not lived separate and apart from each other within the meaning of the statute. In *Reilly* v. *Reilly*, 57 R. I. 432, this court held that the language of said statute was clear and unambiguous, and stated at page 435 of its opinion: "We construe it to mean that not only must the parties actually live separate and apart one from the other, but that the ordinary and usual relationships which exist between married persons living together under normal conditions, including marital intercourse, must not continue." Applying the construction placed upon the statute in that case, we are of the opinion that the finding of the trial justice against the petitioner was correct.

While it appeared that the parties had not engaged in marital intercourse for more than ten years prior to the date of the petition, the evidence failed entirely to show that the other ordinary and usual relationships which exist between married persons did not continue during that period. Apparently the petitioner, for practically all of such time, lived in the same single house with his wife and children and had the opportunity of enjoying their society. He failed to show by any evidence that his wife did not prepare such meals as he ate there, and that she did not perform for his benefit the usual household duties of a wife in a home.

The evidence disclosed that the parties did not actually live separate and apart one from the other as contemplated by the statute. They apparently held themselves out to the public as a husband and wife living together in the same home in the usual manner. See *Gates* v. *Gates*, 192 Ky. 253. Mere failure to maintain "marital relations" for ten years does not bring the parties within the statutory provision. *Stewart* v. *Stewart*, 45 R. I. 375. Other facts showing an actual living separate and apart must appear before a petitioner is in a position to ask a trial justice to exercise his

discretion either to divorce or to refuse to divorce the parties; and each case must be determined from all the circumstances appearing in evidence.

The petitioner relies on the case last cited in which the court held that the trial justice should have found that the parties therein had lived separate and apart from each other for at least the statutory period. In our opinion that case is clearly distinguishable from the present one. In the *Stewart* case it appeared that for part of the ten years' period the parties lived in an apartment house owned by the husband. Each, however, occupied a separate apartment distinct from the other, and the court stated that the uncontradicted evidence showed that for more than the required statutory period "the parties had not lived together as husband and wife or otherwise", but that they had lived separate and apart from each other during that time. As already indicated, the evidence in the instant case reveals an entirely different situation.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

*McKiernan, McElroy & Going, Peter W. McKiernan, John C. Going,* for petitioner.

*Kingsley, Reynolds & Kingsley, Donald A. Kingsley,* for respondent.