## McDaniel v. McDaniel.

Nov. 10, 1942.

A. D. Hall for appellant.

John D. White for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

The action was filed by appellee, Alice Lunsford Mc-. Daniel, whereby she sought alimony and a divorce from bed and board from her husband, T. C. McDaniel. She alleged cruel and inhuman treatment and a confirmed habit of drunkenness, attended with wasting of his estate. Appellant entered a general denial, and, by way of counterclaim, sought to obtain a judgment of absolute divorce from appellee on the ground that they had lived apart without cohabitation for a period in excess of five years. Evidence was taken by depositions, and the court, upon submission of the case entered judgment in accordance with the prayer of the petition. Alimony in the amount of $25 per month was awarded.

Appellant complains that the evidence is not sufficient to support the judgment, and that it conclusively shows appellant entitled to an absolute divorce on the ground alleged. No objection is made to the award of alimony.

Section 403.020, Kentucky Revised Statutes (Section 2117, Carroll's Kentucky Statutes), among other things recites:

"* * * A divorce may be granted to either party for the following causes: * * * (b) Living apart without any cohabitation for five consecutive years next before application."

It will be noted that two facts must be proved to obtain a divorce under this provision, viz., living apart and noncohabitation. The evidence for appellant is sufficient to establish noncohabitation but the counter-claim alleged, and the uncontradicted evidence shows, that appellee lived in the same house with her husband until within a month of the filing of the petition. Where two terms are used conjunctively in the same sentence of a statute separate effect should be given to the terms, if it may be done in reasonable construction. Gabbart v. Mullins, 122 W. Va. 282, 8 S. E. (2d) 886, 888. The accepted meaning of the term "living apart" is to live in a separate abode. Woodall v. Commissioner of Internal Revenue, 9 Cir., 105 F. (2d) 474, 477; Gabbart v. Mullins, supra. That being true, the parties to this action had not been living apart for five years, within the meaning of the statute. It is manifest, therefore, that appellant was not entitled to a judgment of divorce on the ground alleged in his counterclaim.

In support of the allegations of her petition, appellee testified that appellant for many months previous to their separation had engaged in excessive use of alcohol and had been frequently in the company of another woman; that appellee, on one occasion, had seen them occupying the same bed; that he habitually used abusive language toward her; and, on some occasions, had struck and threatened to kick her.

Judgment of divorce from bed and board may be granted on evidence insufficient to authorize a divorce a vinculo. Pope v. Pope, 161 Ky. 104, 170 S. W. 504; Hoagland v. Hoagland, 218 Ky. 636, 291 S. W. 1044. Such judgment may be rendered for any cause that allows an absolute divorce or for such cause as the court in its discretion may deem sufficient. Kentucky Revised Statutes, Section 403.050 (Section 2121, Carroll's Kentucky Statutes). While the testimony in appellant's behalf tends to exonerate him of any wrongful conduct, it does not raise more than a doubt in our minds as to the correctness of the chancellor's findings, for which reason, in accordance with the rule established in equity cases, the

judgment will not be disturbed. Brewer v. Brewer, 268 Ky. 625, 105 S. W. (2d) 582.

Wherefore, the judgment is affirmed.