RUFUS L. DUDLEY v. FANNIE E. TRIPP DUDLEY.

(Filed 28 March, 1945.)

**1. Divorce § 8—**

In an action by a husband against his wife for absolute divorce, under the two years separation statute, G. S., 50-6, where plaintiff's evidence tended to show that, although the parties lived in the same house and for a large part of the time in the same room, they lived separate and apart for more than two years preceding the action because of a total discontinuance of sexual relations between them, judgment as of nonsuit was proper.

**2. Divorce § 2a—**

The word "separation," as applied to the legal status of a husband and wife, means a cessation of cohabitation, and cohabitation includes other marital duties besides marital intercourse.

**3. Same—**

The discontinuance of sexual relations is not in itself a living "separate and apart" within the meaning of the statute, and a divorce will be denied where it appears that, during the period relied upon, the parties had lived in the same house.

**4. Marriage § 1: Divorce § 2a—**

Marriage is not a private affair between the parties. Society has an interest in the marital status, and a divorce will not be granted for separation, where the only evidence thereof must "be sought behind the closed doors of the matrimonial domicile."

APPEAL by plaintiff from *Dixon, Special Judge,* at November Term, 1944, of PITT.

Summons was issued 4 October, 1944, and served the following day. Plaintiff seeks an absolute divorce, alleging that he and the defendant have lived separate and apart continuously for a period of more than two years next preceding the institution of this action.

The facts pertinent to this appeal are as follows:

1. Plaintiff and defendant were married 9 September, 1908, and eight children were born of said marriage. All the children have reached their majority except Lindsey Wooten Dudley, who is 13 years of age.

2. The plaintiff has been a citizen and resident of North Carolina all his life, and the defendant is not in any manner connected with any branch of the Military, Naval, Marine, or Coast Guard service of the United States of America.

3. Counsel for plaintiff, at the trial below, ask the plaintiff how long he and his wife had been living separate and apart. The defendant objected for the reason hereinafter set forth, and the objection was sustained. The plaintiff and defendant had consented to a judgment at the September Term, 1944, of the Superior Court of Pitt County, and executed a separation agreement pursuant thereto, on 12 September, 1944, by the terms of which their respective marital and property rights were fixed. The judgment contained the provision that from the signing of said judgment "The plaintiff and defendant are to live separate and apart from each other"; and in the separation agreement it is stated "That the said parties have mutually agreed to separate and not live together as man and wife in the future."

4. In view of the provisions contained in the consent judgment and the separation agreement, his Honor declined to admit any evidence as

to the length of time the plaintiff and defendant have lived separate and apart. Whereupon, at the request of his counsel, plaintiff was permitted to testify as to the separation, in the absence of the jury, for the record. He testified that his wife abandoned him about five years ago. His explanation of the abandonment was that she refused to sleep with him, although they slept in the same room thereafter for two and a half to three years, and since that time they had slept in adjoining rooms. He further testified that there was nothing physically wrong with either of them and that on various occasions he had gone to her bed and tried to reason with her, but she would have nothing to do with him.

His Honor, being of the opinion the plaintiff was not entitled to the relief demanded, entered judgment as of nonsuit, from which plaintiff appeals, assigning error.

*Jack Edwards for plaintiff.*
*J. B. James for defendant.*

DENNY, J. The statute relied upon by the plaintiff for the relief sought, provides that: "Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for two years, and the plaintiff in the suit for divorce has resided in the State for a period of six months." G. S., 50-6. Therefore, the question presented is whether or not the plaintiff and the defendant lived separate and apart for two years next preceding the institution of this action.

The plaintiff testified he had lived separate and apart from his wife for a period of five years, although they had lived in the same house, and occupied the same or adjoining rooms during the entire period. The appellant takes the position that the discontinuance of sexual relations between him and his wife for a period of more than two years next preceding the institution of this action, was a living "separate and apart," within the meaning of our statute. We do not so hold.

There is no evidence on this record showing a cessation of cohabitation between the plaintiff and defendant in the usually accepted sense, except as to their sexual relations. As stated in *Parker v. Parker,* 210 N. C., 264, 186 S. E., 346: "The word 'separation,' as applied to the legal status of a husband and wife, . . . means 'A cessation of cohabitation of husband and wife.'" Cohabit, according to Winston's Dictionary, Encyclopedia Edition (1943), means: "To live together as man and wife; usually, though not necessarily, implying sexual intercourse." Black's Law Dictionary, Third Edition, defines the meaning of cohabitation, as: "Living together, living together as man and wife; sexual

intercourse." Cohabitation includes other marital duties besides marital intercourse.

The overwhelming weight of authority as to what is meant by living "separate and apart," is in accord with the view expressed in 17 Am. Jur., sec. 162, p. 232, as follows: "The discontinuance of sexual relations is not in itself a living 'separate and apart' within the meaning of some statutes, and a divorce will be denied where it appears that during the period relied upon the parties had lived in the same house. It has been said that what the law makes a ground for divorce is the living separately and apart of the husband and wife continuously for a certain number of years. This separation implies something more than a discontinuance of sexual relations, whether the discontinuance is occasioned by the refusal of the wife to continue them or not. It implies the living apart for such period in such a manner that those in the neighborhood may see that the husband and wife are not living together." 27 C. J. S., sec. 36, p. 570; 19 C. J., sec. 111 (b), p. 59; *Singleton v. Rogers,* 160 La., 196, 106 So., 781; *Quinn v. Brown,* 159 La., 570, 105 So., 624; *Arnoult v. Lellen,* 155 La., 275, 99 So., 218; *Gates v. Gates,* 192 Ky., 253, 232 S. W., 378, 51 A. L. R., Anno., 768; *Burton v. Burton,* 184 Ky., 45, 220 S. W., 1065; *McCurry v. McCurry,* 126 Conn., 175, 10 A. (2d), 365; *Black v. Black,* 48 Nev., 220, 228 P., 889; *Smith v. Smith,* 116 W. Va., 271, 180 S. E., 185; *Albert v. Albert,* 137 Va., 1, 119 S. E., 61; *McNary v. McNary,* 8 Wash. (2d), 250, 111 P. (2d), 760.

Marriage is not a private affair, involving the contracting parties alone. Society has an interest in the marital status of its members, and when a husband and wife live in the same house and hold themselves out to the world as man and wife, a divorce will not be granted on the ground of separation, when the only evidence of such separation must, in the language of the Supreme Court of Louisiana (in the case of *Hava v. Chavigny,* 147 La., 331, 84 So., 892), "be sought behind the closed doors of the matrimonial domicile." Our statute contemplates the living separately and apart from each other, the complete cessation of cohabitation. See *Taylor v. Taylor, ante,* 80.

The judgment of the court below is

Affirmed.