## Colvin v. Colvin.

Nov. 9, 1945.

Jay W. Harlan for appellant.

Clay & Clay for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

Appellee filed suit against appellant for absolute divorce and alimony, alleging cruel and inhuman treatment, and that the parties had been "living apart without any cohabitation for five consecutive years next before application." KRS 403.020. Appellant counterclaimed and asked for an absolute divorce upon the second ground alleged by appellee.

The evidence failed to establish the allegations in respect to cruel and inhuman treatment, and it is not contended the Court erred in refusing a divorce on that ground. Both parties testified that they have not cohabited for a period in excess of ten years; nevertheless, they have been representing to the public, and to their children, that they are living as husband and wife; they have been living in the same house, frequently occupying the same bedroom; and on at least one occasion, within two years of the filing of the action, they slept in the same bed. In Gates v. Gates, 192 Ky. 253, 232 S. W. 378, 379, the Court said:

"Although the parties did not indulge in sexual relations, they lived together in the same house, treated each other as husband and wife, and held themselves out to the world as such. These facts afford no ground for divorce from the bonds of matrimony. The statute provides that a court of equity may grant a divorce to either

party where they have lived 'apart without cohabitation for five consecutive years next before the application' for divorce.

"The parties to this action lived apart only about two weeks before the application for divorce, and of course are not entitled to the relief they seek on this ground."

The same rule is expressed in McDaniel v. McDaniel, 292 Ky. 56, 165 S. W. 2d 966. The Court properly refused to grant either party an absolute divorce.

Since they have not cohabited for such period of time as to indicate they are irreconcilable, the Court properly granted appellee a divorce from bed and board, under KRS 403.050, which reads:

"Divorce from bed and board may be rendered for any cause that allows divorce, or for any other cause that the court in its discretion considers sufficient. A divorce from bed and board shall operate as to property thereafter acquired, and upon the personal rights and legal capacities of the parties, as a divorce from the bond of matrimony, except that neither shall marry again during the life of the other, and except that it shall not bar curtesy, dower or distributive right. The judgment may be revised or set aside at any time by the court rendering it."

It follows that appellee is entitled to alimony in a reasonable sum. The Court awarded her $30 per month. It is not contended by appellant, who earns $125 per month, that this amount is unreasonable, and we think it is not; but, he argues that no alimony should have been awarded, by reason of a contract entered into between him and appellee October 25, 1934. The contract is in the following words and figures:

"This contract, made this October 25, 1934, between Mae McDonald Colvin and Albert Colvin, husband and wife, both of Danville, Boyle County, Kentucky,

"Witnesseth: In consideration of the mutual promises and agreements of the two parties hereto, the said Albert Colvin, who is now employed by the Kentucky Utilities Company at a monthly salary of approximately $70.00 per month, does hereby agree to pay to his wife, in cash, on the 5th day of each month, the sum

of $20.00, and on the 20th day of each month, the sum of $26.00, and the said Mae McDonald Colvin does hereby agree to pay all bills of every character, for herself and their two children. This includes clothing bills, doctors bills for herself and children, and grocery bills for entire family, and every other bill necessary and incident to the management and upkeep of their household except the rent, coal, heat, light and water bills, which latter the second party agrees to pay, and second party shall pay his own clothing bills and doctors bills.

"If the salary of the second party should be increased during the term of this contract, the payments mentioned herein shall be increased proportionately according to the increase of his salary, but should his salary be decreased, then said monthly payments shall be decreased proportionately, according to the decrease in his salary.

"The parties hereto shall continue to occupy the same house. This contract shall continue until the education of the two children of said parties, to-wit, Elsie Christine Colvin, and Alberta June Colvin, is completed.

"In testimony whereof, witness the hands of the parties hereto the date first above written in duplicate.

[s]  Mae McDonald Colvin

[s]  Albert Colvin

"Witness:

"ADD LANIER."

Appellant contends that this contract is a separation agreement, and that it was intended by the parties that all payments to appellee should be discontinued upon completion of the education of the two children mentioned in the contract. We concur with the lower Court that the contract is not susceptible of this construction. Appellant agreed to do no more in the contract than he was by law required to do. The only useful purpose of the contract was to fix the amount of the payments to be made to appellee until completion of the education of the children. Undoubtedly, the payments in the amount stipulated in the contract terminated upon completion of the girls' education; but appellant thereafter was not relieved of his obligation to maintain his wife by any pro-

vision or implication of the contract. The Court properly, under the evidence presented, awarded alimony to appellee.

The judgment is affirmed.