210 P.2d 934

**JORDAN v. JORDAN.**

No. 7550.

Supreme Court of Idaho.

Oct. 24, 1949.

Phillips & Haight, Pocatello, for appellant.

Albaugh, Bloem & Hillman, Idaho Falls, for respondent.

KEETON, Justice.

This action was instituted by Carl H. Jordan as plaintiff, respondent here, to secure a divorce from Amelia C. Jordan, appellant here.

Respondent based his cause of action on the provisions of Section 32-610, I.C. which provides: "When married persons have heretofore lived or shall hereafter live separate and apart for a period of five years or more without cohabitation, either party to the marriage contract may sue for a divorce which shall be granted on proof of the continuous living separate and apart without cohabitation of the spouses during said period of five years or more."

The complaint was filed January 28, 1948, and alleged that respondent and appellant lived separate and apart for a period of more than five years preceding the commencement of the action without cohabitation.

Appellant answered denying that the parties had lived separate and apart for a period of five years and alleged that they had lived together as man and wife until January, 1945, and also filed a cross complaint in which appellant alleged that by a decree entered in the Circuit Court of Multnomah County, Oregon, dated October, 1948, she was granted a separation from bed and board for an unlimited time and in which decree payments were ordered made for her and a child's support.

The court found "that the plaintiff, Carl H. Jordan, and the defendant, Amelia C. Jordan, have lived separate and apart, without cohabitation, at all times since the 3rd day of January, 1943", and granted the respondent a decree of divorce and a division of the community property. Appellant appealed from the judgment.

The testimony was in many respects in conflict and will be viewed in the light most favorable to the respondent. From the respondent's testimony and other uncontradicted evidence, the following essential facts appear:

The parties were married on the 28th of April, 1928. There is a child the issue of the marriage, and at the time of the trial he was of the age of sixteen years.

From 1939, with exceptions hereafter noted, the parties lived in Portland. Respondent entered the armed forces of the United States in July, 1942, and was discharged in December, 1945. In December, 1942, the parties with the child went to Boise, due to the fact that respondent's military duties required his presence there, or in that vicinity. Appellant with the child returned to their home in Portland

on January 3, 1943, and the respondent at that time informed the appellant that he would not live with her again. Appellant with the child returned to Boise in May, 1943, and lived in a residence or residences there until May, 1944. Respondent at that time was stationed at Mountain Home and on Saturdays and Sundays, or when he was off duty or on leave, stayed at the home in Boise. During some of these visits he ate at the same table with the appellant and occupied with her the same room and bed. He also furnished support for her and child, and testified, referring to appellant's residence, "I generally stayed over there at night". The parties also entertained guests at the Boise residence.

While appellant was living in Portland subsequent to January 3, 1943, and prior to her return to Boise in May, the parties corresponded with each other and the letters contain language which shows that respondent was solicitous concerning the welfare of the appellant and the child. In a letter dated March 1, 1943, respondent stated he was only temporarily stationed in Idaho, and that his home was in Portland.

On January 27, 1944, the parties, as husband and wife, attended a dinner and dance together. Subsequent to January 3, 1943, respondent furnished appellant an allotment of $200 per month support for herself and child, and carried and sent groceries and supplies to her. In March, 1943, the parties made a joint income tax return.

In May, 1944, respondent with appellant and son returned to Portland and appellant again occupied the apartment where she had lived before moving to Boise.

Appellant, corroborated by the son, testified that the parties had lived together until February, 1945.

The time that the respondent was in the military service of the United States was necessarily an enforced separation. His military duties required, while on duty, that he necessarily live at a different abode than that of the appellant, but his own testimony discloses that during time off and at frequent and numerous intervals and particularly on Saturdays and Sundays, respondent was at the Boise home.

The statute under which the action was brought provides that the parties must live separate and apart for a period of five years without cohabitation, and the proof must show that the living so separate and apart has been continuous.

Under this statute it is necessary to prove three things. First, that the parties lived separate and apart; second, that there was an absence of cohabitation; third, that the living separate and apart without cohabitation was continuous for five years.

The act, approved March 1, 1945, under which the decree of divorce was asked provides that "when married persons have *heretofore lived* or shall hereafter live separate and apart for a period of five years * * *". (Emphasis supplied.) Whether or not the legislature could pass a valid statute authorizing a decree of divorce for past conduct not grounds for divorce when it occurred, in other words, whether the legislature could pass a retroactive or ex post facto ground for divorce, it is unnecessary to decide, for the reason that viewing the testimony in the most favorable light to respondent, we conclude that the parties did not live separate and apart without cohabitation for a continuous period of five years preceding the commencement of the action.

"Separate" and "apart" mean substantially the same, implying disunity, or to withdraw from each other. Under the statute it is necessary to prove the continuous separation without cohabitation for five years; and living apart necessarily implies the living in a separate abode.

A husband whose absence from his place of abode is made necessary due to his employment, or status in the military forces, and who supports his wife, visits her in her home, with her entertains guests, attends social functions, at times occupies the same room, sleeps in the same bed during the five year period, is not living separate and apart from her. The parties also during this time held themselves out to the public as living together as husband and wife.

"Continuous" as used in the statute means an unbroken, uninterrupted period of time.

Thus the alleged separation for the five years was not continuous. The period of time alleged was broken and interrupted. There was nothing in the conduct of the parties or in the enforced separation that would warrant the conclusion that they were living separate and apart.

For an interpretation of similar statutes in other states see: Colvin v. Colvin, 300 Ky. 781, 190 S.W.2d 473; Young v. Young, 225 N.C. 340, 34 S.E.2d 154; Stewart v. Stewart, 45 R.I. 375, 122 A. 778; Christiansen v. Christiansen, 68 R.I. 438, 28 A.2d 745; Gates v. Gates, 192 Ky. 253, 232 S.W. 378; McClure v. McClure, 205 Ark. 1032, 172 S.W.2d 243; McDaniel v. McDaniel, 292 Ky. 56, 165 S.W. 966.

In the decree of separation entered in the Circuit Court of Multnomah County, Oregon, above referred to, the appellant here was granted a separation from bed and board for an unlimited time and was given custody of the child and was awarded the sum of $4,950 on account of temporary support money for appellant and the child, and the further sum of $200 per month.

It appeared from the testimony that the sums thus ordered paid by the Oregon decree had not been paid.

The right of appellant to separate maintenance is a matter already adjudicated by the Oregon decree and cannot be set aside here.

Appellant complained of the division made by the court of the property of the parties and particularly that the value of separate property of appellant located in California was considered by the trial Judge in making the division. A home in Alhambra, Los Angeles County, California, located at Lot 6, Block 10, Tract 7658, had been deeded to appellant by respondent on February 5, 1944, for her separate property and in the deed respondent relinquished for himself all rights to the same as community property.

Subdivision 2 of Sec. 32-712, I.C. provides that when a divorce is granted on any grounds except adultery or extreme cruelty, the community property must be equally divided between the parties. In the decree a DeSoto automobile, government bonds in the sum of $1,500 and cash in the amount of $3,500, all community property, was awarded respondent.

Appellant was awarded the sum of $100 a month for her and the child's support.

Such division was not an equal division of the community property. As that part of the decree dividing the property must fall with the failure of the divorce, it is unnecessary to further discuss this issue.

The home in California which had been deeded to appellant was at the time of the trial undoubtedly her separate property and its value should not have been offset against property awarded to the respondent. Dale v. Dale, 87 Cal.App. 359, 262 P. 339.

From what has been said it follows that the judgment granting the divorce and decreeing a division of the property must be reversed and the cause remanded with instructions to the trial court to set the decree aside and dismiss the action, and it is so ordered. Costs to appellant.

HOLDEN, C. J., and GIVENS and PORTER, JJ., concur.

GLENNON, District Judge, dissents.