403 P.2d 593

**Theodore R. ADAMS, Plaintiff-Respondent,**

**v.**

**Gladys F. ADAMS, Defendant-Appellant.**

**No. 9514.**

Supreme Court of Idaho.

June 21, 1965.

Fredricks, Walters & Fredricks, Boise, for plaintiff-respondent.

James D. McTaggart, Boise, for defendant-appellant.

McQUADE, Chief Justice.

The parties were married March 5, 1931, at Council, Idaho. There were no children born of this marriage. The parties did, however, adopt a child, who has since reached majority and is married. Twice in 1953 defendant filed suit for divorce, but on both occasions the action was dismissed, although the parties ceased to live together at that time. On February 19, 1954, the parties executed a property settlement agreement by which they settled and divided between themselves all the community property which they had accumulated. The agreement also provided that any property acquired in the future either by investment or earnings would become the separate property of the party acquiring the same, free from any interest, claim or control of the other party. In 1955 the plaintiff filed suit for divorce, but the suit was allowed to lapse for failure of the plaintiff to pursue it.

They lived apart until November of 1956, when at defendant's request, the plaintiff moved in with defendant for one week at her Boise home. During his stay plaintiff

bought the groceries to feed them and defendant prepared their meals and they slept in separate rooms. Plaintiff claims he had no intention of reconciling their separation by this visit. Since that time plaintiff has maintained his residence in Boise, separate and apart from that of defendant. In 1957 defendant purchased a hotel in Payette, Idaho, and moved there to live. She has maintained her residence in Payette ever since that date. Between the date of purchase of the hotel and 1963, plaintiff, at defendant's request, visited defendant's hotel on the weekends. On these occasions he would tend the desk or render other minor aids to defendant's hotel business. However, on these occasions plaintiff occupied and slept in a room completely separate from those of defendant. In 1960 the parties attended the Democratic National Convention, which was held in Los Angeles, California. Defendant was a committeewoman or delegate to the convention so it was imperative that she attend, but she was in need of transportation, and at her suggestion plaintiff drove her to the convention. While they were at the convention the parties occupied the same hotel room and slept in the same bed. In 1962 the parties made a trip to the Seattle World's Fair, wherein they made overnight stops at Portland, Oregon, and Seattle and Spokane, Washington. Plaintiff testified that they occupied the same hotel room but that they slept in separate beds.

On two other occasions during their separation, the parties did spend the night together under the same roof. In June 1963 plaintiff had a circumcision operation. While he was recuperating, defendant stayed at his house for two or three days. Defendant said she felt he needed someone to take care of him. However, plaintiff testified he was capable of taking care of himself and did so. In July 1963 plaintiff filed this divorce action. In January 1964, six months after this action was filed, defendant visited Boise to have a tonsillectomy performed. Following the operation and without plaintiff's invitation or consent, defendant stayed at plaintiff's house for a few days. As relating to the various occasions the parties were together in the same house or room, there is a conflict in the record concerning accomplishment of sexual intercourse, the defendant asserting the positive and the plaintiff making a denial thereof.

In his original complaint plaintiff alleged two grounds for divorce, (1) living separate and apart for a period of more than five years without cohabitation, pursuant to I. C. § 32–610; and (2) wilful desertion. Trial was held on December 18, 1963, at which trial defendant appeared without benefit of counsel. On February 3, 1964, the trial court granted plaintiff a divorce.

Subsequently, defendant retained her present counsel and made a motion for new trial, which was granted. At the second trial, held March 31, 1964, the ground of wilful desertion was deleted and the case was tried solely on the grounds of living separate and apart without cohabitation under I.C. § 32–610. On April 24, 1964, the trial court again granted a divorce to plaintiff.

From this judgment of the trial court, defendant has taken her appeal.

Defendant's sole assignment of error is that the trial court erred in finding that the parties had lived separate and apart for a period of five years or more without cohabitation and granting plaintiff a divorce from defendant on that ground.

Before proceeding further it is necessary to examine the pertinent statute, :o-wit: I.C. § 32–610:

"Separation without cohabitation— When married persons have heretofore lived or shall hereafter live separate and apart for a period of five (5) years or more without cohabitation, either party to the marriage contract may sue for a divorce which shall be granted on proof of the continuous living separate and apart without cohabitation of the spouses during said period of five (5) years or more."

It appears that several states have a similar statute. In Nelson, Divorce and Annulment, § 4.42, at page 146, the author summarized them in saying:

"The provisions are fairly uniform in intendment—to sanction the dissolution of marital ties after a considerable period of demonstrable distaste and incompatibility, without regard to fault, and to relieve society of the dangers of a 'husband without a wife and a wife without a husband.' But they are by no means so uniform in phrasing or construction by the courts."

In Jolliffe v. Jolliffe, 76 Idaho 95, 278 P. 2d 200 (1954), this court quoted with approval from Annotation 51 A.L.R. 763 the following·

"The public policy of these separation statutes is based upon the proposition that where a husband and wife have lived apart for a long period of time, without any intention ever to resume conjugal relations, the best interests of society and the parties themselves will be promoted by a dissolution of the marital bond."

■ There are three statutory prerequisites for a divorce on this ground: (1) living separate and apart, (2) without cohabitation, and (3) for a continuous period of five years or more.

Jordan v. Jordan, 69 Idaho 513, 210 P. 2d 934 (1949), was the first case in which this court was called upon to interpret I. C. § 32–610. In that case this court defined "separate and apart" as follows:

> " 'Separate' and 'apart' mean substantially the same, implying disunity, or to withdraw from each other. Under the statute it is necessary to prove the continuous separation without cohabitation for five years; and living apart necessarily implies the living in a separate abode." At page 517, 210 P. 2d at page 936.

In Makeig v. United Security Bank & Trust Co., 112 Cal.App. 138, 296 P. 673 (1931), the court stated the meaning of the phrase as follows:

> "Living separate and apart, however, as contemplated by said section 169, does not apply to a case where a man and wife are residing temporarily in different places due to economic or social reasons, but applies to a condition where the spouses have come to a parting of the ways and have no present intention of resuming the marital relations and taking up life together under the same roof."

The Jordan case, supra, did not define the term "without cohabitation." When the legislature employed the term "without cohabitation," they intended, inter alia, without acts of sexual intercourse. Mc-

Clure v. McClure, 205 Ark. 1032, 172 S.W. 2d 243 (1943); Dottellis v. Dottellis, 187 A.2d 128 (Munic.Ct.App.D.C.1962).

In the Jordan case, supra, the court said that "continuous" as used in the statute meant an unbroken, uninterrupted period of time. We adhere to that definition. With this basic understanding of the meanings of the terms used in the statute we can now apply to them the facts of the present case.

It is the defendant's contention that the facts of this case bring it within the holding of the Jordan case and compel a finding that the parties did not live separate and apart without cohabitation continuously for the statutory period.

In Jordan v. Jordan, supra, this court said:

> "A husband whose absence from his place of abode is made necessary due to his employment, or status in the military forces, and who supports his wife, visits her in her home, with her entertains guests, attends social functions, at times occupies the same room, sleeps in the same bed during the five year period, is not living separate and apart from her. The parties also during this time held themselves out to the public *as living together as husband and wife.*" 69 Idaho at page 517, 210 P.2d at page 936. (Emphasis supplied.)

Under the facts of that case the court concluded that when the husband was off

duty or on leave, the parties resumed conjugal relations to the fullest extent, notwithstanding they were physically apart during the week. There are several distinguishing facts between the Jordan case and the case at bar. First of all, the separation was not caused by the husband's employment or absence due to military service, as in the Jordan case. On the contrary, the Adamses entered into a property settlement agreement and went their separate ways. In this case the plaintiff did not support the defendant, although he did on occasions loan her money, which she repaid. Neither did the parties entertain guests together. Above all, the parties did not hold themselves out to the public *as living together as husband and wife,* notwithstanding testimony to the effect that the parties referred to each other as husband and wife. It is an important consideration if others observe the parties consorting as husband and wife.

The plaintiff admits visiting defendant on numerous weekends between 1958 and 1963. The evidence shows that these visits were at defendant's request and their purpose was to have plaintiff help with her business affairs. Although plaintiff slept at defendant's hotel on these occasions, he had his own room, which was separate and down the hall from defendant's apartment. There was no evidence that the conjugal relations of the parties were resumed. Thus the parties were living separate and apart during this period.

■ Twice during the separation period the parties went on long trips of about one week each. During the Los Angeles trip they shared the hotel room and bed. On the Seattle trip they shared the same room but separate beds except for one night. On two other occasions defendant stayed overnight at plaintiff's house in Boise. On both occasions plaintiff testified that defendant's visits were uninvited and unwanted. The plaintiff testified that on all four of these occasions sexual relations were not resumed. The fact that the parties visit one another wherein they sleep under the same roof does not constitute a break in the five-year statutory period where the conjugal relations are not resumed. Thomas v. Thomas, 58 Wash.2d 377, 363 P.2d 107 (1961).

■ The evidence as to whether or not the parties engaged in sexual intercourse during the statutory period is conflicting. The plaintiff maintains they did not, while defendant insists that they did. The trial court made no specific finding concerning sexual intercourse between the parties. However, in light of the trial court's final holding, that the parties had lived separate and apart without cohabitation, it appears that the court preferred to believe the plaintiff. Defendant made no

request for a specific finding of fact in this regard and hence a specific finding thereon was waived. Koser v. Bohemian Breweries, 69 Idaho 33, 202 P.2d 398 (1949). It was also said in Koser v. Bohemian Breweries:

"While the findings of the trial court must cover the material issues necessary to support a judgment, it is likewise the rule that failure to find on all the issues of the case will not result in a reversal of a judgment if the findings made by the trial court are inconsistent with the theory advanced by the appellant or presented by his pleadings and are, standing alone, sufficient to support the judgment. If the findings made are inconsistent with the allegations and theory of appellant's case, the presumption will be indulged, that if the findings had been made thereon, they would have been adverse to appellant."

The findings and decree as made by the trial court based on conflicting evidence will not be disturbed on appeal. Crouch v. Bischoff, 76 Idaho 216, 280 P.2d 419 (1955).

In the case at bar the trial court concluded that a conjugal relationship was not reestablished between the parties. The judge who tries the divorce case and has the parties before him for observation in light of evidence is the one to whom the law commits the determination of the question in the first instance, and this court will not disturb his findings unless evidence in support of such findings is so slight as to indicate a want of ordinary good judgment and abuse of discretion by the trial court. Veach v. Veach, 87 Idaho 237, 392 P.2d 425 (1964).

Judgment affirmed.

Costs to respondent.

McFADDEN, SMITH and KNUDSON, JJ., and DONALDSON, D. J., concur.