119 N.J. Super. 192 (1972)
290 A.2d 742
ANTHONY P. DE RIENZO, PLAINTIFF,
v.
ROSE DE RIENZO, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 11, 1972.
*193 Mr. Anthony T. Colasanti for plaintiff (Mr. Angelo R. Bianchi, attorney).
Mr. Joseph Klein for defendant (Messrs. Soriano, Henkel and Klein, attorneys).
CONSODINE, J.C.C. (temporarily assigned).
Plaintiff sues for divorce on the ground of separation. N.J.S.A. 2A:34-2(d).
Testimony disclosed that the parties have lived since 1965 in the same house. Plaintiff's bedroom has had locks on both sides of the door and he alone has had the keys.
The statute reads:
Divorce from the bond of matrimony may be adjudged for the following causes: * * * (d) Separation, provided that the husband and wife have lived separate and apart in different habitations for a period of at least 18 or more consecutive months * * *. [Italics supplied]
The provision in somewhat similar language has been interpreted by many state courts. In most of the statutes the *194 phrase, "in different habitations," does not appear. The opinions nevertheless consider the phrase as if it were at least the presumed legislative intent. They have a bearing on the interpretation sought here by plaintiff.
See Lillis v. Lillis, 235 Md. 490, 201 A.2d 794 (Ct. App. 1964) (separate rooms in the same residence occupied intermittently by both is not living separate and apart); Brimson v. Brimson, 227 Ark. 1045, 304 S.W.2d 935 (Sup. Ct. 1957) (where the spouses, owners of a drug store, lived separately in up and downstair apartments and where the husband had a key to the wife's apartment in which was the only bathroom, the parties were not living separate and apart); Rogers v. Rogers, 258 Ala. 477, 63 So.2d 807 (Sup. Ct. 1953) (living separate and apart means a complete cessation of all marital duties and relations between husband and wife and their living separate and apart in such a manner that those in the neighborhood may see that they are not living together); Neff v. Neff, 30 Wash.2d 593, 192 P.2d 344 (Sup. Ct. 1948) (continued occupation of the same residence barred divorce on the ground of separation); McNary v. McNary, 8 Wash.2d 250, 111 P.2d 760 (Sup. Ct. 1941) (living separate and apart means in separate residences); Dudley v. Dudley, 225 N.C. 83, 33 S.E.2d 489 (Sup. Ct. 1945) (when husband and wife live in the same house and thus hold themselves out to the community as man and wife there is no separation); Young v. Young, 225 N.C. 340, 34 S.E.2d 154 (Sup. Ct. 1945) (separation means living apart for the entire period in such a manner that those who come in contact with the spouses may see that they are not living together); McDaniel v. McDaniel, 292 Ky. 56, 165 S.W.2d 966 (Sup. Ct. 1942) (living apart means in separate abodes); Stewart v. Stewart, 45 R.I. 375, 122 A. 778 (Sup. Ct. 1923) (living in separate apartments in the same apartment house, even though owned by the husband, constituted living separate and apart). See also, Christiansen v. Christiansen, 68 R.I. 438, 28 A.2d 745 (Sup. Ct. 1942); Hava v. Chavigny, 147 La. 330, 84 So. *195 892 (Sup. Ct. 1920) (living separate and apart must be known in the community of residence, and the evidence thereof is not to be sought merely from behind the closed doors of the matrimonial domicile).
Contra, see Heckman v. Heckman, 245 A.2d 550 (Del. Sup. Ct. 1968) (occupying separate bedrooms with the abandonment, by mutual consent, of all other incidents of marriage constituted living separate and apart where the court deemed the marriage could not be saved, the court stating in dictum that other reasons for reaching a similar result on the facts could be "economic necessity, stubbornness, or jockeying for position as to possession of the house and contents"); Hawkins v. Hawkins, 89 U.S. App. D.C. 147, 191 F.2d 344 (D.C. App. 1951) (where the spouses live in separate and independent parts of their home and live their lives separately, that is living separate and apart because the purpose of the statute is "to permit termination in law of certain marriages which have ceased to exist in fact"). (at 345); Boyce v. Boyce, 80 U.S. App. D.C. 355, 153 F.2d 229 (D.C. App. 1946) (living in different rooms on different floors of the same house was living separate and apart, the essential thing being separate lives, not separate roofs).
By including the phrase, "in different habitations," the Legislature clearly intended that New Jersey join the majority of states in refusing to grant a divorce on the ground of separation where the parties continued to reside in the same house or apartment, even if in separate bedrooms.
Judgment of dismissal with prejudice on the ground of separation.