## Stafford v. Stafford

*Randolph T. Bortner,* for plaintiff.
*Michael R. Muth,* for defendant.

O'BRIEN, *J.,* May 30, 1986—Plaintiff and defendant were married in December, 1958. On January 10, 1984, plaintiff filed a complaint seeking a divorce alleging that the marriage was "irretrievably

broken.'"* Plaintiff also filed an affidavit alleging that the parties had lived separate and apart for a period of at least three years and that the marriage was irretrievably broken. Defendant filed an answer to plaintiff's affidavit alleging that the parties resided together from September 9, 1983 until December 23, 1983 and, therefore, the parties had not lived separate and apart for a period of three years. The court appointed a master to conduct an evidentiary hearing following which a report was filed recommending a divorce. Defendant has filed exceptions to the report which are now before the court for disposition.

Section 201 of the Divorce Code, which took effect July 1, 1980, provides in pertinent part as follows:

"(d)(1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:

"(i) the respondent does not deny the allegations set forth in the affidavit; or

"(ii) the respondent denies one or more of the allegations set forth in the affidavit, but after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken." (23 P.S. §201).

---

*Although this dispute is resolved on other grounds, there are several procedural deficiencies in plaintiff's pleadings which require mention. The complaint is designated "complaint under section 201(c)" and has never been amended of record. Further, the complaint does not contain an allegation of "living separate and apart" as required. Goditus v. Goditus, 28 D.&C. 3d 271, (1983). These errors could of themselves be fatal to a claim for relief.

Both parties have filed briefs and presented argument to the court addressing an interpretation of the phrase, "lived separate and apart." The decision in this case turns on the proper interpretation to be given that phrase as contained in the Divorce Reform Code.

It is undisputed that the parties have lived separate and apart since December 23, 1983. If this situation continues, clearly the time will come when plaintiff will be entitled to a divorce on the grounds set forth above. However, defendant does not want a divorce. She testified that she still loves her husband and does not want their marriage terminated. Prior to the reform of the Divorce Code in 1980, the opposition of his wife would have precluded plaintiff from obtaining a divorce. However, effective July 1, 1980, Pennsylvania joined the majority of jurisdictions which allowed divorce on no-fault grounds. The question before the court is whether or not the statutory change is sufficient to accommodate the desire of plaintiff for a divorce at this time.

The Divorce Code defines "separate and apart" as "complete cessation of any and all cohabitation." (23 P.S. §104). The term cohabitation is not defined in the act. Our appellate courts have provided some guidance with respect to interpretation of the term cohabitation. In Thomas v. Thomas, 335 Pa. Super. 41, 483 A.2d 945 (1984), the court stated that "[C]ohabitation means the mutual assumption of those rights and duties attendant to the relationship of husband and wife. The ties that bind two individuals in a marital relationship involve more than sexual intercourse." In Flynn v. Flynn, 341 Pa. Super. 76, 491 A.2d 156 (1985), the court stated that the gravamen of the phase "separate and apart" becomes the existence of separate lives not separate roofs. In the Flynn case the court found that the

parties, although living under the same roof in separate parts of the house, had ceased all marital relations for a period in excess of three years. Therefore, the court found that the parties had met the requirements of "separate and apart" under the Divorce Code. Neither of the foregoing precedent is on point to the facts of the case at bar.

Since Pennsylvania precedent is not precisely on point, it is helpful to consider authority from neighboring jurisdictions which have similar statutes. The New Jersey statute is similar in that it authorizes a divorce, "provided that the husband and wife have lived separate and apart in different habitations for a period of at least 18 or more consecutive months." (N.J. Stat. Ann. §2A:34-2(d)). Although the statutory definition differs in some respects, interpretation of the phrase "separate and apart" in the case of Ellam v. Ellam, 132 N.J. Super. 358, 333 A.2d 577 (1975), concerning facts closely paralleling the case at bar, is most helpful. After reviewing interpretations of similar phrases in a variety of jurisdictions the Ellam court stated:

"It has been said that what the law makes a ground for divorce is the living separately and apart of the husband and wife continuously for a certain number of years. This separation implies something more than a discontinuance of sexual relations whether the discontinuance is occasioned by the refusal of the wife to continue them or not. It implies the living apart for such period in such a manner that those in the neighborhood may see that the husband and wife are not living together.

"Where, as here, it is apparent that the associations and dealings of the parties with each other after the alleged separation continued to include a substantial number of the many elements and ties which go into and make up the marital relationship

and bind the parties together, in cannot be said they are living separate and apart within the meaning of our divorce statute."

In the instant case, it is undisputed that plaintiff and defendant together rented a new home in September 1983 and lived together continuously at that location until December 1983. During this period of time, the parties both signed the lease for their home, shared all income and expenses, and shared the same post office box. The parties purchased furniture together for their new home, and attended many social functions together with their son, his classmates and other parents. They also attended social activities with other couples at which their son was not present. Plaintiff and defendant entertained other family members as any husband and wife might, visited other friends as husband and wife and visited other relatives as any husband and wife might. During this entire period, defendant acted in the role as a housekeeper for the parties' home by preparing meals, cleaning the house and doing plaintiff's laundry, which services were readily accepted by plaintiff.

Review of the testimony would indicate that the parties acted as husband and wife during this period in every fashion except one. It is undisputed that the parties have not had sexual relations since 1979. Although the modern-day soap opera might indicate otherwise, this court agrees with the reasoning of the Ellam court, supra, that the term "separate and apart" implies something more than a discontinuance of sexual relations. A finding that the parties to this proceeding lived separate and apart between September and December, 1983 would make a mockery of that term. Delaware allows a divorce after a six-month separation. (Del. Code Ann. tit. 13, §1503(7)). New Jersey allows a divorce if the

parties live separate and apart for 18 months. (N.J. Stat. Ann. §2A:34-2(d)). Ohio allows a divorce where the separation is two years. (Ohio Rev. Code Ann. §3105.01(K)). However, the Pennsylvania legislature adopted a provision requiring a three-year separation. It is not within the authority of this court that requirement to some lesser period of time.

### ORDER

And now, this May 30, 1986, defendant's exceptions to the master's report are sustained and the prayer of plaintiff's complaint for a divorce is denied. Plaintiff shall bear the cost of these proceedings.